IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES EDWARD BAGLEY, #182103, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>CALHOUN COUNTY DISTRICT )<br>ATTORNEY, et al., )<br>)<br>Defendants ) | CIVIL ACTION NO. 2:16-CV-137-WHA<br>(WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by James Edward Bagley ("Bagley"), an indigent state inmate. In the instant civil action, Bagley challenges the constitutionality a conviction and sentence for second degree assault imposed upon him in 2005 by the Circuit Court of Calhoun County, Alabama. *Complaint - Doc. No. 1* at 3. Bagley names the Calhoun County District Attorney, Judge Samuel Monk, Randy Moeller, his defense counsel, Calhoun County Circuit Clerk James Henderson, the Office of the Attorney General and Judge Brian Howell as defendants.

Upon review of the factual allegations presented in the complaint, the court concludes that this case should be transferred to the United States District Court for the

Northern District of Alabama in accordance with the directives of 28 U.S.C. § 1404.[1]

## II.  DISCUSSION

A civil action asserting a violation of a prisoner's constitutional rights may be brought "in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(b).  The law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought."  28 U.S.C. § 1404(a).

Calhoun County is located within the jurisdiction of the United States District Court for the Northern District of Alabama.  Thus, the actions about which Bagley complains occurred in the Northern District of Alabama.  In addition, with the exception of the Attorney General, all of the defendants reside in the Northern District of Alabama as do those individuals with personal knowledge of the alleged violations of Bagley's constitutional rights.  Finally, despite the fact that the Office of the Attorney General is located in the Middle District of Alabama, the Attorney General is subject to service of

---

[1] Bagley filed an application for leave to proceed *in forma pauperis*. *Court Doc. No. 2*. However, under the circumstances of this case, the court concludes that assessment and collection of any filing fee should be undertaken by the United States District Court for the Northern District of Alabama.

process throughout the state and commonly defends suits in all federal courts of this state. It is therefore clear that the witnesses and evidence associated with this case are located in the Northern District of Alabama.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.[2]

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404.  It is further

ORDERED that on or before March 21, 2016 the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party

---

[2] Although it appears Bagley's claims are not cognizable in a 42 U.S.C. § 1983 action, *see Heck v. Humphrey,* 512 U.S. 477 (1994) and *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), this court makes no determination with respect to the merits of the plaintiff's claims for relief against any of the named defendants as any such determination should be undertaken by the United States District Court for the Northern District of Alabama.

to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    Done this 3rd day of March, 2016.

    /s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE